IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNY DREW SAYRE,

                Plaintiff,

v.                              CIVIL ACTION NO.  2:10-cv-01329

DAVID BALLARD,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has filed Proposed Findings and Recommendation ("PF&R") [Docket 11], suggesting that the court find that the plaintiff, while incarcerated or detained, has filed more than three actions that were subsequently dismissed as frivolous, malicious, or for failure to state a claim, and that his present Complaint [Docket 6] fails to allege that he is under imminent danger of serious physical injury.  The PF&R thus recommends that the court direct the plaintiff to pay the full filing fee of $350 within ten days or else have his action dismissed with prejudice.  The plaintiff claims that he is indigent and thus unable to pay the filing fee.

The plaintiff has since filed specific Objections to the PF&R [Docket 13 (hereinafter, "Objections")], and the court reviews *de novo* those portions of the PF&R to which the plaintiff has objected.  The plaintiff primarily takes issue with the PF&R's conclusion that he faces mere

discomfort, not "imminent danger of serious physical injury." Specifically, he explains that: "[M]y life is in danger here at this facility because half of this plaintiff['s] medication has been taken from him, as this was done to save money . . . ." (Objections at 1.) He then ticks off specific ailments, including a brain cyst, a large stomach hernia, and prostate disease — among many other problems — and specifically claims that each disease could cause his death if not properly treated with surgery or medicine. (*Id.* at 2.) The plaintiff further claims that he can prove, through doctor and medical records, that he "needs the above surger[ies] done in saving his life." (*Id.* at 4.).

Under the Prison Litigation Reform Act of 1995, a prisoner who has had three or more prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted may not proceed without prepayment of fees unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception focuses on the risk of injury at the time the complaint is filed, not on remedies for past misconduct allegedly committed by prison officials. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In a recent unpublished opinion, the Fourth Circuit vacated a district court order requiring a plaintiff to prepay the filing fee in similar circumstances. *See Smith v. Wang*, 370 Fed. App'x 377, 378 (4th Cir. Mar. 17, 2010) ("Taking Smith's allegations as true, we find he sufficiently established he is in imminent danger of serious physical injury."). In *Smith*, the plaintiff's claim concerned the lack of a follow-up scan of a tumor and the prisoner's exposure to second-hand cigarette smoke. *See id.* In this case, by contrast, the plaintiff alleges that he suffers from specific ailments that, without proper medication and surgeries, could cause his death. Because the plaintiff's allegations involve his access to adequate and ongoing medical care — and do not concern remedies for past grievances or some tangential aspect of prison life — the plaintiff has sufficiently alleged that he

is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, the court **ORDERS** that the plaintiff shall be permitted to proceed without prepayment of fees.

The court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Stanely, to counsel of record, and to any unrepresented party.

                ENTER:        January 20, 2011

                Joseph R. Goodwin, Chief Judge